NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE M. ESCOBEDO,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Case No. **'20CV2533 CAB MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** SALLIE M. ESCOBEDO ("Plaintiff"), by and through her undersigned counsel, complaining of GC SERVICES LIMITED PARTNERSHIP as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action against GC Services Limited Partnership seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et*

1

*seq.*, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the TCPA and FDCPA.

4. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

5. The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as First Contact, LLC conducts business in the Southern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

## PARTIES

7. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Southern District of California.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

11. GC SERVICES LIMITED PARTNERSHIP ("Defendant") is a corporation organized and existing under the laws of Delaware.

12. Defendant has its principal place of business at 6330 Gulfton Street, Houston, Texas 77081.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

16. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACUTAL ALLEGATIONS

17. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0291.

18. At all times relevant, Plaintiff's number ending in 0291 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

20. In the fall of 2020, Plaintiff started to receive phone calls from Defendant to her cellular phone.

21. Shortly after Defendant's calls began, Plaintiff answered a call to determine the reason for Defendant's calls.

22. During the first answered call with Defendant, Defendant advised Plaintiff that it was attempting to collect an alleged debt with Cox Communications in the approximate amount of $178.00 ("subject debt").

23. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5) because it was incurred or allegedly incurred for personal or family purposes.

24. During this call, Plaintiff requested that Defendant cease its collection calls.

3

25. Despite Plaintiff's request that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone.

26. On one of the initial calls that Plaintiff answered she was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

27. In total, Defendant placed no less than 10 harassing collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease, including calls from the phone number (619) 371-5131.

28. At no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise provide Defendant with consent to place calls to her cellular phone.

## **DAMAGES**

29. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

31. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

32. Concerned with Defendant's continued unwanted and unconsented to collection calls Plaintiff was forced to retain counsel to compel the calls to cease.

4

**COUNT I**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant placed or caused to be placed at least 10 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

37. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

38. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

39. Defendant violated the TCPA by placing no less than 10 harassing phone calls to Plaintiff's cellular phone number since November 2020, using an ATDS without her prior express consent.

40. As pled above, Plaintiff revoked consent to be called on her cellular phone during phone calls that she answered.

41. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

42. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

43. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

44. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

45. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call.

46. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to.

**WHEREFORE**, Plaintiff, SALLIE M. ESCOBEDO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

47. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

6

48. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

49. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

### a. Violations of FDCPA §1692c

50. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a).

51. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after Plaintiff requested that the phone calls cease.

52. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

53. Defendant further violated 15 U.S.C. § 1692c(a)(1) by continuing to contact Plaintiff's family after being instructed to stop contacting them.

### b. Violations of FDCPA §1692d

54. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

55. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

56. Defendant violated §§1692d and d(5) when it placed no less than 10 collection calls to Plaintiff's cellular phone number since November 2020 attempting to collect the subject debt.

57. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

58. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

59. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made a request for the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, SALLIE M. ESCOBEDO, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III

**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

60. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

61. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

62. As pled above, Defendant violated 15 U.S.C. §§1692c and d, therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, SALLIE M. ESCOBEDO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

8

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

c.  Awarding Plaintiff costs and reasonable attorney's fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury.

Dated: December 31, 2020                     Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com